Robert W. Knaak
413 Pine Avenue
Egg Harbor Township, NJ, 08234
609-277-5770

U.S BANKRUPTCY COURT
FILED
CAMDEN, NJ

2018 DEC -4 P 1:31

JEANNE A.

BY: _____
DEPUTY

**UNITED STATES BANKRUPTCY COURT
OF THE DISTRICT OF NEW JERSEY
(Camden Division)**

-------------------------------------------------x

| | |
|---|---|
| In Re: | Case No. 18-24064 |
| Robert W. Knaak | Chapter 13 |
| Debtor. | |

-------------------------------------------------x

| | |
|---|---|
| Robert W. Knaak | Adversary Case No. _____ |
| Plaintiff, | Jury Trial Requested |
| Wells Fargo Bank, N.A., | |
| Defendant. | **COMPLAINT** |

-------------------------------------------------x

Plaintiff states the following to be true:

## *Parties*

1. Plaintiff is a citizen of the State of New Jersey and living in the County of Atlantic. Plaintiff's address is at 413 Pine Avenue, Egg Harbor Township, New Jersey, Phone Number 609-277-5770.

1

2. Defendant is a citizen of the State of California and County of San Francisco and doing business with its principal place and address at 420 Montgomery Street, San Francisco, California, 94104, Phone Number 866-878-5865.

## *Jurisdiction and Venue*

3. This is an adversary proceeding brought pursuant to Bankruptcy Rules 4007(a) and 7001 and is governed by Part VII of the Federal Rules of Bankruptcy Procedures. This is a civil proceeding arising under Title 11, and this Court has jurisdiction pursuant to 28 U.S.C. paragraph 1334(b). This adversary proceeding relates to this case under the Bankruptcy Code now pending and is therefore a core proceeding pursuant to 28 U.S.C. paragraph 157(b)(2). Venue lies in this Court pursuant to 28 U.S.C. paragraph 1409(a).

## *Introduction*

4. This adversary proceeding is an contractual dispute between the parties and an additional action of questioning the legal standing of alleged secured creditor Wells Fargo Bank, N.A. to file any objections, pleadings in this court or to collect on a debt because the Proof of Claim filed in this Court from the alleged secured creditor Wells Fargo Bank, N.A. has attached a copy of an altered forged Note Instrument, specifically on page 2 of the Note the Maturity Date shows December 18, 2017, while the original Note, which Plaintiff has a copy, shows a Maturity Date of December 18, 2014. Moreover, the Amortization Schedule finishes on 12/1/2012 based on supporting loan documentations from the origination bank (Wachovia). Further, other originating supporting loan documents states clearly, that this

2

Note shall be due and payable in principle payments based a 20-year mortgage style amortization plus accrued interest thereon on the date each principal payment is due. All remaining principal and interest shall be due and payable 120 months from closing.

5. Here in this matter/dispute indicates that the Note has an uncertainty of the Maturity Date and Plaintiff has the Proof of a original copy of the Note from the closing that the Maturity Date was December 18, 2014 and the amortization schedules finishes December 1, 2012. All those facts and uncertainty of the Maturity Date of the Instrument nullifies and voids the Note ab initio or when it was executed.

6. Additionally, the Note as the Mortgage are unclear and misleading for a borrower because the lender is giving a loan under false pretenses indicating only a part of the terms and not showing at the Maturity Date (???) is owned approximately $ 700,000 from a $ 1,050, 000 loan. And if the amortization schedule would be correct, then the monthly mortgage payments should have been $ 15,000 +. The latest mortgage payment account statement was $ 5195.70, $ 10,000 short and the income from rents at that location is and was far under from the actual needed amount to cover the mortgage payments. I believe, nor Wachovia, nor Wells Fargo had any idea how much the monthly mortgage payment would be after December 1, 2012 to the Maturity Date. There is no Amortization Schedule for the remaining of time for the Loan. The Lender and its successor knew or must have known, that the Borrower could not repay in full the loan and the bank and/or its successor is able to foreclose on this predatory loan, which was made under false pretenses, which unjustly is enriching Wells Fargo Bank. Plaintiff to this date is paying directly to Wells Fargo Bank, N.A. every month, monthly payments.

7. The Note and Mortgage Instruments are null and void from the moment they were executed. The Lender and the Title Company had the obligations to cancel the Instruments and draft new Instruments. Lender and its successor Wells Fargo Bank, N.A. failed to do so.

8. Plaintiff is coming now to this Court, requesting an Order to nullify and void the Note and the Mortgage, because of its defectiveness and forgery of the Maturity Date. Wells Fargo Bank's attitude to have a blind eye for such forgeries and contractual inconsistencies by their officers would not come to settle the dispute.

9. Basically, Plaintiff made payments in good faith and according to the directions of the bank's alleged existing schedules, which is not existing and admitted in their proof of claim, the counsel of Wells Fargo Bank, N.A. attached a schedule which finishes in December 1, 2012. And the Plaintiffs monthly payments were made on a account without Note and Mortgage because those alleged existing Instruments are null and void.

10. The Plaintiff filed for bankruptcy protection chapter 13 on 7/13/2018.

11. The 341 meeting of creditors was held on September 14, 2018.

12. The Plaintiff will file a suit against Wells Fargo Bank, N.A. in US District Court for the Northern District of California for many deceptive misrepresentative, fraudulent practices for and with their customers.

## *Facts*

13. On December 18, 2007 was executed a Promissory Note in the amount of $ 1,050,000, signed by Sarah Knaak, Robert Knaak and Robert Knaak, Jr. The Tracking Number is 1797222288; CAT-Deal # 1797222288; Facility Id 1797273731. The attached Schedule to the Promissory Note is blank. The

4

Promissory Note on the bottom of the first page shows the Identification Number WPSI1797273731001 CDCNOTEXXX **Exhibit A** The attached Exhibit A document is a true copy given to the borrowers at the closing.

14. On page 2 of the Promissory Note shows clearly that the Maturity Date is December 18, 2014. **Exhibit B**

15. On the same date as the Promissory Note the above-named signers signed a Mortgage in the amount of $ 1,050,000. The Mortgage shows the same Identification Number as the Promissory Note **Exhibit C**

16. The Closing of the Loan was December 18, 2007 for the same Identification Number. **Exhibit D**

17. Wachovia Bank, N.A. on November 16, 2007 proposed the Repayment Terms as follow: "This Note shall be due and payable in principal payments based a 20-year mortgage style amortization plus accrued interest thereon on the date of each principal payment is due. All remaining principal and interest shall be due and payable 120 months from closing". **Exhibit E**

18. On December 19, 2007 was executed by Wachovia Bank, N.A. a Swap Transaction Confirmation with 2 pages of Schedules for the missing attached blank Schedule of the Promissory Note (December 18, 2007). **Exhibit F**

19. The last Wells Fargo Bank Statement war on November 20, 2017 indicating a due amount of $ 5,195.70, which was paid. Moreover, the statement indicates a Maturity Date of December 18, 2017. **Exhibit G**

20. On December 1, 2017, Plaintiff requested from Wells Fargo Bank, N.A. a response regarding the Note Issue specifically regarding the Maturity Date. The letter with attachments showing the Note's Maturity Date December 18, 2014 (Exhibit A), which was a copy of the original at the closing. I also

5

mentioned the issues of 10-year loan, amortization schedules and I felt that something was wrong. **Exhibit H**

21. In several replies the bank stated that the Maturity Date was December 18, 2017. At that time, I was unaware, that there was a Maturity Date for the Loan Note. **Exhibit I**

22. On June 12, 2018, Plaintiff received a letter from counsel Greenbaum Rowe Smith Davis, LLP., which informed me that the entire principal amount of $ 690,493.23 is due plus interest by July 15, 2018. **Exhibit J**

23. On July 13, 2018, Plaintiff filed for bankruptcy protection under chapter 13.

24. On 10/22/2018, Plaintiff filed its first Adversary Complaint in US Bankruptcy Court District of New Jersey, Camden Division with the Docket Number 18-01533. This case is pending.

25. On 11/9/2018, the Defendants filed a Motion to Dismiss the Complaint. Plaintiff responded and objected, and Defendant replied citing that the Maturity Date is or was December 18, 2017. Plaintiff reviewed again the paperwork and found several defects, which affects legal standing for a creditor.

26. On November 23, 2018, Plaintiff received another letter from the Greenbaum Rowe Smith Davis, LLP., stating again that the Maturity Date of the Promissory Note is December 18, 2017. **Exhibit K**

27. Firstly, Plaintiff thought that there was no Maturity Date and therefore, mailed to the counsel/law firm a response to their 11/23/18 letter **Exhibit L**, then I noticed on the copy of the original Promissory Note on page 2, that the Maturity Date was December 18, 2014. Further, I checked the Proof of Claim filed by the bank and noticed that someone made illegally alterations to the Promissory Note by changing the Maturity Date to December 18, 2017. It appears that the writing style of the number 7 of 2017 is not fully

horizontal/vertical as the other numbers. The supporting document is a copy and faxed before it was filed in this court. This alteration changing the Maturity Date with already having inconsistencies on the Instrument with other supporting loan documents creates an "UNCERTAINTY" of the correct Maturity Date of the Promissory Note, besides the alteration, which is considered a forgery and therefore, must be declared null and void ab initio. The forgery consists with exchanging the page 2 of the Promissory Note or having all pages substituted and use a "Ghostwriter" for the borrowers' signatures. Or there are two Promissory Notes. I am aware that Debt Collectors have such machines. Exhibit M

## *Conclusion*

28. The attached Exhibits proves clearly, that "Foul-Play" is involved regarding the Promissory Note or Notes. Plaintiff believes, that is necessary an Inspection of the Promissory Note and Mortgage by an Independent Handwriting Expert to reveal the truth to the Instrument Issues, which affects legal standing for creditor in this court. Moreover, Plaintiff request an Order to void the Promissory Note and the Mortgage and restitution of all payments made to Lender and/or putative and other damages.

**WHEREFORE**, Plaintiff/Debtor demands from this Court an Order to strike and void alleged secured creditor and its Associates Proof of Claim.

**FURTHER**, Plaintiff/Debtor demands from this Court an Order to provide for Inspection the original Promissory Note and Mortgage

**FURTHER**, Plaintiff/Debtor demands from this Court an Order to NULLIFY and VOID the Promissory Note and Mortgage, Unconditional Guarantee Agreements

**FURTHER**, Plaintiff/Debtor demands from this Court an Order for Restitution of all money paid since the Loan was given,

**FURTHER**, Plaintiff/Debtor demands from this Court an Order for unspecified damages, putative damages, and

**FURTHER**, other damages as the court seems just and proper

Dated: December 4, 2018

_____

Robert W. Knaak